## REUBEN BUTTERFIELD v. THE CENTRAL PACIFIC RAILROAD COMPANY OF CALIFORNIA.

CERTIFICATE OF LOCATION OF UNITED STATES MILITARY LAND WARRANT.—A certificate of the location of a United States military land warrant upon a quarter section of land, signed by the Register of the Land Office where the location was made, is *prima facie* evidence that the land is the property of the locator.

LOCATION OF MILITARY LAND WARRANT.—A location of a United States military land warrant on a quarter section of land gives the locator or his grantee an interest in the land, and is a payment for the same.

LOCATION OF LAND WARRANT GIVES RIGHT OF ACTION AGAINST TRESPASSER.—A location of a military land warrant on public land, made before the passage of the Act of Congress, approved July 1st, 1862, granting to the Central Pacific Railroad Company alternate odd sections on each side of the road, gave the locator or his grantee such an interest in the land as, coupled with possession, enables him to maintain trespass against the company for injury done to the same in constructing the road over the land.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*Chas. A. Tuttle,* for Appellant, argued that the certificate was issued in pursuance of the laws of the United States, and was therefore admissible in evidence; and cited Dunlap's Laws of the United States, Act of May 18th, 1796, p. 153; Id., Act of May 10th, 1800, p. 29, Sec. 7; Id., Act of March 26th, 1804, pp. 347–350, Secs. 5, 13, 14, 15; and Laws of 1859, p. 227. He also argued that by the certificate the locator acquired a title to the land; and cited *Terry* v. *Megerle,* 24 Cal. 628.

*E. B. Crocker,* for Respondent. The paper is not a certificate of location or purchase, and does not show that the land had ceased to be public land within the meaning of the Act of Congress of July 1st, 1862. The United States laws referred to by appellant's counsel refer solely to certificates to purchasers of land. The law of 1859 does not apply to the paper in question, but to certified copies of the entry of location made on the Register's books. The grant to the defendant by Congress, made July 1st, 1862, was a present grant,

and vested the title in the railroad company as against appellant.    *Wilcox* v. *Jackson*, 13 Peters, 498, settles this point. Until the patent issues the fee is in the Government, and an imperfect title cannot be set up against a grant from the United States.    (*U. S.* v. *King*, 3 How. U. S. 773.)    The title of a purchaser is imperfect before the patent issues. (*Hayward* v. *Ormsbee*, 11 Wis. 3 ; *Hooper* v. *Scheimer*, 23 How. U. S. 235 ; *Sweatt* v. *Corcoran*, 37 Miss. 513 ; *Griffith* v. *Deerfelt*, 17 Missouri, 31 ; *Dickinson* v. *Brown*, 9 S. & M. 130 ; *Wiggins* v. *Lush*, 12 Ill. 132 ; *Landes* v. *Brant*, 10 How. U. S. 348.)

By the Court, Currey, C. J. :

The plaintiff brought his action against the defendant for damages for an alleged trespass upon the northeast quarter of section eleven north, of range six east, of Mount Diablo meridian, of which he alleges he was the owner in the possession thereof.    The alleged trespass consisted of the defendant's entry upon the land mentioned and the location of the Central Pacific Railroad thereon.    The plaintiff alleges in his complaint that the defendant by laying the railroad across said land has deprived him of the use of five acres of it, besides destroying the fences so as to expose the balance of it to the trespasses of cattle, sheep and swine, and that defendant threatens to continue from day to day the like acts of trespass ; and therefore, in addition to a claim for damages, the plaintiff asks that the defendant and its agents, servants and employés may be perpetually restrained from a continuance of the wrongs and injuries threatened.

The material allegations of the complaint are controverted by the answer ; and for further answer the defendant avers that said land was and is a part of the public lands of the United States, and that by Act of the Congress of the United States a grant had before the time of the commission of the alleged trespass been made to the defendant of the right to

34

construct the Central Pacific Railroad upon and over the particular piece of land in question, and that the entry of the defendant thereon and the appropriation of the land taken for such road was under and by authority of the Act of Congress.

To maintain the issue on his part the plaintiff offered in evidence at the trial a certificate which reads as follows:

" Military Bounty Land Act of March 3d, 1855.

"REGISTER'S OFFICE, MARYSVILLE,        ⎞
            "September 20th, 1858. ⎠

" Military Land Warrant No. 79,801, in the name of Allen J. Tackett, has this day been located by Allen J. Tackett upon the northeast quarter of Section No. 25, in township eleven north, of range six east, Mount Diablo meridian.

" (Contents of tract located, 160 acres.)
                "E. O. F. HASTINGS, Register."

In connection with this certificate the plaintiff proved the signature thereto to be that of E. O. F. Hastings and that he was the officer indicated thereby; and then further offered in evidence deeds of conveyance showing that whatever title accrued to said Tackett, had been conveyed to the plaintiff before the commission of the trespasses complained of. To the certificate the defendant's counsel objected on the ground that it was irrelevant and incompetent evidence, that the same was not authorized by law, nor did it show that plaintiff had such a title and interest in the premises as to entitle him to maintain his action against the defendant, that the same did not show the land to have ceased to be public land at the time the alleged trespass was committed. At this stage of the trial the parties admitted in open Court that defendant was the corporation mentioned in the Act of Congress entitled, "An Act to aid in the construction of a railroad and telegraph line from the Missouri River to the Pacific Ocean, and to secure to the Government the use of the same for postal, military and other purposes," approved July 1st, 1862,

and that the acts alleged in said complaint were done in the construction of the railroad of said company over said premises, and that no unnecessary damage was done thereby. Thereupon the Court sustained the objection on the ground that the evidence offered did not show that plaintiff had such title from the United States as would enable him to sustain the action.    To this ruling the plaintiff excepted.

The plaintiff then offered to prove that he was in possession of the land at the time of the commission of the alleged trespass.    To this the defendant objected on the ground that mere possession did not give the plaintiff a right to damage, when the acts complained of were not malicious or unnecessary. The Court sustained the objection and the plaintiff excepted.

The defendant applied to the Court to grant a nonsuit, which was done, and the plaintiff excepted, and thereupon judgment was entered for the defendant.

On appeal the plaintiff assigns the above rulings of the Court as errors.

It was stated by the plaintiff at the time the Register's certificate was offered in evidence that it was for the purpose of sustaining the allegations of the complaint that plaintiff was the owner of the premises.    No additional evidence was offered or proposed to be introduced to show that the plaintiff had obtained any other title from the Government than the certificate.

The question to be considered is, whether the plaintiff had such a right, title or interest in the land as entitled him to an action against the defendant for damages for the acts done.

The quarter section of land described in the complaint was a part of the Government domain at the date of the certificate which the plaintiff offered in evidence, and we are to presume from the action of the officers of the Government having charge of the disposition of the public lands in the district where this quarter section was situate that the same was then subject to sale at the minimum or lower graduated price. (10 Stat. at Large, p. 702, Sec. 5.)    From the certificate it appears that the warrant in question was located by the original

holder of it.   Before the certificate was issued to him, he must have delivered to the Register and Receiver the warrant, with his application to locate the particular quarter section of land described, and upon the completion of the location the warrant operated in payment for the land.   (10 Stat. at Large, p. 3, Ch. XIX, Sec. 1.)    This being done, the party thus locating the warrant must, in the first place, be deemed to have acquired an interest in the land located.   (*Astwin* v. *Hammond*, 3 McLean, 108 ; *Carroll* v. *Perry*, 4 McLean, 26 ; *Carroll* v. *Safford*, 3 How. 441 ; *Gwyne* v. *Niswanger*, 15 Ohio, 368 ; *Ross* v. *Supervisors of Ontagamie Co.*, 12 Wisconsin, 38 ; *People* v. *Shearer*, 30 Cal. 645.)   If for any valid cause such location was annulled by the Commissioner of the General Land Office, the burden was on the defendant to show it.

It was objected by the defendant upon the ·trial that the certificate upon which the plaintiff relied in support of his alleged right was not competent evidence.   By an Act of the Legislature of this State (Laws 1859, p. 227,) it is provided as follows : " The certificate of purchase or location of any lands in this State issued or made in pursuance of any of the laws of the United States, or of this State, shall be deemed *prima facie* evidence of legal title in the holder of said certificate of purchase or location."   The certificate. offered was a certificate not only of location but of purchase also, and was as against the defendants *prima facie* evidence under this Act of the Legislature that the land had to every just intendment become the property of the holder and locator of the land warrant, and we are of the opinion the Court erred in excluding it, as also in excluding the .deeds by and through which the plaintiff deraigned the right and interest of Tackett to the land, and the evidence offered to prove the plaintiff's possession of the land at the time of the alleged trespass.

Judgment reversed and a new trial ordered.